Kelly MCGRIFF, Petitioner—
Appellant,

v.

Guy HALL, Superintendent,
Respondent—Appellee.

No. 01–36122.

D.C. No. CV–99–01669–REJ.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 2002.*

Decided Nov. 14, 2002.

Before BROWNING, FISHER and
TALLMAN, Circuit Judges.

MEMORANDUM**

Appellant Kelly McGriff appeals the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review de novo the district court's denial of a petition for a writ of habeas corpus. *Benn v. Lambert,* 283 F.3d 1040, 1051 (9th Cir.2002). We may not grant relief unless the state court's adjudication of McGriff's claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ McGriff raises an ineffective assistance of counsel claim based on trial counsel's failure to investigate and prove at McGriff's sexual abuse trial that McGriff is the biological father of the victim. To prevail on this claim, McGriff must satisfy the two-part test announced in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

McGriff does not meet the *Strickland* standard. He fails to show that counsel's performance was objectively unreasonable. *See id.* Evidence that McGriff was the father of the four-year-old child he was accused of sodomizing was not necessarily exculpatory, and it would have been reasonable for counsel to conclude that this evidence would prejudice the jury against McGriff, rather than further McGriff's cause.

Even if counsel's failure to find and introduce the paternity evidence was objectively unreasonable, McGriff has not made a sufficient showing of prejudice to establish a constitutional violation. *See id.* at 687, 694. He argues that had the jurors known that he is the victim's father, they would have inferred that the victim's mother lied on the stand about the victim's paternity, and in turn they would have inferred that the victim's mother coached the victim to fabricate the abuse. McGriff has produced no evidence, however, to support an inference that the victim's mother coached her son to lie. Instead, the jury heard significant evidence, such as the testimony of two professionals who examined the victim, that the victim and his mother were telling the truth. McGriff has not demonstrated a reasonable probability that the result of his trial would have been different if the jury had known that he is the biological father. The state court's application of *Strickland* in rejecting McGriff's ineffective assistance of counsel claim therefore did not constitute

an unreasonable application of clearly established federal law.

■ McGriff also seeks review of the merits of his procedurally defaulted ineffective assistance claim based on counsel's introduction of testimony regarding McGriff's inadmissible prior convictions. McGriff asks us to excuse his procedural default under *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), because he is actually innocent of the crime for which he was convicted. We cannot do so, however, because McGriff has failed to present new, reliable evidence demonstrating that it is "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327, 115 S.Ct. 851. McGriff offers no direct evidence of actual innocence; instead, he presents only "speculative, collateral impeachment [evidence that] falls far short of showing actual innocence." *Gandarela v. Johnson,* 286 F.3d 1080, 1086 (9th Cir.2002). Accordingly, the order of the district court dismissing McGriff's petition is *AFFIRMED.*